IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE REYES-GONZALEZ<br><br>Plaintiff<br><br>vs<br><br>FIRSTBANK PUERTO RICO;<br>UNKNOWN COMPANIES X,Y,Z;<br>ANGEL COLON; JANE DOE, as well<br>as any other Joint Tortfeasors<br><br>Defendants | CIVIL 16-1517CCC |

## OPINION AND ORDER

Before the Court is defendant First Bank Puerto Rico's ("First Bank") Motion to Dismiss (**d.e. 4**) and plaintiff Jorge Reyes-González's Opposition (d.e. 8).

## I.    BACKGROUND

On March 22, 2016, plaintiff filed his Complaint (d.e. 1) against defendants First Bank Puerto Rico, Angel Colon, unnamed insurance companies, and unknown Jane Doe defendant.  Plaintiff alleges jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3), Titles I and V of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq.; 42 U.S.C. §§ 2111-12117; 12203 ("ADA"), "which incorporates by reference section 706(f)(l) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981 et seq., and the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621, et seq.  Plaintiff also invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 367 over claims arising under Puerto Rico Law 44 of July 2, 1985, as amended, 1 PR Laws Ann. § 501, et seq. ("Law 44"), Puerto Rico Law 115 of December 20, 1991, as amended, 29 L.P.R.A. § 194, et seq. ("Law 115"), Puerto Rico Law 100 of

CIVIL 16-1517CCC                    2

June 30, 1959, as amended, 29 L.P.R.A. § 146, et seq. ("Law 100"), and Puerto Rico Law 80 of May 30, 1976, as amended, 29 L.P.R.A. § 185, et seq. ("Law 80").  (d.e. 1, pp. 3-4).

Plaintiff alleges (1) that First Bank discriminated against him by way of harassment and "fail[ure] to accommodate" his "well-documented disability" in violation of the ADA and Law 44; (2) that First Bank retaliated against him "pursuant to federal law and PR Law 115 and the Occupational Safety and Health Act and PR Law;"[1] (3) that First Bank terminated him in violation of Law 80; and (4) that First Bank discriminated against him on the basis of his age and sex, in violation of the ADEA and Law 100, respectively.[2]

On May 16, 2016, defendant First Bank filed its Motion to Dismiss (d.e. 4), arguing (1) that by failing to identify his disability, plaintiff did not plead sufficient facts to plausibly allege that he is a "qualified individual" under the ADA; (2) that plaintiff did not plead sufficient facts to plausibly allege adverse employment action and causation, as are required to establish a prima facie claim for retaliation under the ADA, ADEA, and Law 115; (3) that insofar as plaintiff seeks relief under OSHA, no private right of action exists under that statute; (4) that the claims against defendant Angel Colon must be dismissed because the laws cited by plaintiff do not provide for individual liability; and (5) that the Court should refuse to exercise supplemental jurisdiction over plaintiff's Puerto Rico law claims if we find that no federal claim survives.

---

[1] Though it is far from a paragon of clarity, we read plaintiff's "Second Cause of Action" to allege retaliation in violation of the ADA, ADEA, OSHA, and Law 115.

[2] We note that plaintiff alleges "sex discrimination" only in violation of Law 100.  He cites Title VII only insofar as its procedures and enforcement mechanisms are incorporated by the ADA. (See d.e. 1, pp. 3-4, Jurisdictional Basis and Venue").

CIVIL 16-1517CCC                    3

On June 10, 2016, plaintiff filed his Opposition (d.e. 8), raising the following arguments: (1) plaintiff pled sufficient facts to plausibly allege that he is a "qualified individual" under the ADA; (2) plaintiff pled sufficient facts to plausibly allege a claim for retaliation under the ADA and Title VII; (3) plaintiff does not seek relief under OSHA; (4) plaintiff does not seek to hold defendant Angel Colon individually liable under any law other than Law 44; and (5) this Court should not dismiss his federal claims, and therefore continue to exercise supplemental jurisdiction over his Puerto Rico law claims.

## II.   PLEADING STANDARD

Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), a defendant may move to dismiss an action for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted. Benítez-Navarro v. González-Aponte, 660 F. Supp. 2d 185, 188 (D.P.R. 2009). A motion to dismiss brought under Rule 12(b)(1) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). Cintrón-Luna v. Román-Bultrón, 668 F. Supp. 2d 315, 316 (D.P.R. 2009). "In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief'." Martínez-Díaz v. Doe, 683 F. Supp. 2d 171, 173 (D.P.R. 2010). When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor." Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008). Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible'." Quirós v. Muñoz, 670 F. Supp. 2d 130,

CIVIL 16-1517CCC                    4

131 (D.P.R. 2009).  "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level'." Maldonado-Concepción v. Puerto Rico, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 679.  "Thus, any non-conclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility."  Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id., at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id., at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not 'show[n]'- 'that the pleader is entitled to relief'."  Id.  "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation'."  Martínez-Díaz v. Doe, 683 F. Supp. 2d at 174 (quoting Ashcroft v. Iqbal, 556 U.S. at 679-80).

CIVIL 16-1517CCC                    5

## III.   ANALYSIS

### A.   ADA Discrimination

The ADA prohibits discrimination against "a qualified individual with a disability because of the disability of such individual in regard to . . . terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).

When confronted with claims alleging ADA discrimination, we are charged with applying the burden-shifting framework articulated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).   See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 264 (1st Cir. 1999); Dichner v. Liberty Travel, 141 F.3d 24, 29-30 and n. 5 (1st Cir. 1998).  At the motion to dismiss stage, a plaintiff need only allege a plausible prima facie case of discrimination, to wit, that (1) he suffers from a disability or handicap, as defined by the ADA; (2) he was nevertheless able to perform the essential functions of his job, either with or without reasonable accommodation; and (3) defendant took an adverse employment action against him because of, in whole or in part, his protected disability. Tobin v. Liberty Mut. Ins. Co., 433 F.3d 100, 104 (1st Cir. 2005).  "Adverse employment action" often comes in the form of "not making reasonable accommodations," upon the employee's request.  Higgins, 194 F.3d at 264.

### 1.   "Disability"

The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(2)(A). "Substantially limits," in turn, means that the person "cannot perform a major life function or is 'significantly [limited in] the condition, manner or duration under which [the] individual can perform a major life activity, as compared to

the average person in the general population . . . .'" <u>Rivera-Rodriguez v. Frito Lay Snacks</u>, 265 F.3d 15 (1st Cir. 2001) (quoting 29 C.F.R. § 1630.2(j)(ii)).

Normally, when considering a statutory disability, we apply the Supreme Court's three-step analysis articulated in <u>Bragdon v. Abbot</u>, 524 U.S. 624, 631 (1998).  First, we consider whether plaintiff's condition is an "impairment," then whether his work meets the ADA definition of a "major life activity," and finally whether the impairment substantially limits said major life activity. <u>Lebron-Torres v. Whitehall Labs</u>., 251 F.3d 236, 239-40 (1st Cir. 2001).

Here, plaintiff fails on the first step, as his complaint is utterly devoid of any description of his disability. Instead, plaintiff recites that he has a "known permanent disability" and that it is "proscribed[3] [sic] by his psychiatrist in many occasions and well documented in his personal file." (d.e. 1, p. 2).[4]  Not once does plaintiff state his diagnosis, and the "personal file," whatever it may be, is not attached to the complaint.  Plaintiff defends this vagueness in his Opposition, arguing, "[e]ven though we haven't mentioned at this point the name of the physician we can reasonably infer already, that the plaintiff is dealing with a psychological problem since that's a psychiatrist [sic] main specialty." (d.e. 8, p. 9).  Remarkably, plaintiff plows on: "Subsequently, we mentioned that the criminal incidents Plaintiff witnessed and endure [sic] in the workplace caused him psychological problems. This instance already complies with section (h)(2) of 29 C.F.R. § 1630, i.e. 'mental impairment means any psychological disorder.'" <u>Id</u>.

---

[3] We assume plaintiff intended to use the word "prescribed."

[4] Other variations include: "[p]laintiff is a qualified 52-year-old man with a known documented permanent disability as duly defined by the applicable statutes" (d.e. 1, p. 5); and "defendants regarded plaintiff as a disable [sic] person by the phycologist [sic], limiting major life activities, and defendants knew or should have known about it."  (d.e. 1, p. 12).

CIVIL 16-1517CCC                              7

    We need go no further.  As an element of any ADA cause of action, a
plaintiff must plead that he has a covered disability.  It is clear from plaintiff's
Complaint (d.e. 1) and his Opposition (d.e. 8) that he–or his attorney–believes
that repeating some variant of "people are aware that I'm disabled and a
physician says so" leaps with ease over the low hurdle of plausibility.  It does
not.  "Threadbare recitals of the elements of a cause of action, supported by
mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 663.

    **2.    "Essential Functions"**

    There is no dispute as to the second prong of the prima facie analysis,
to wit, whether plaintiff was able to perform the essential functions of his job,
either with or without reasonable accommodation.  Tobin, 433 F.3d at 104.
Based on the facts alleged in the Complaint (d.e. 1), plaintiff has met his
burden as to this prong.

    **3.    "Adverse Employment Action"**

    Our final inquiry would be to determine whether plaintiff has sufficiently
pleaded that First Bank took an adverse employment action against him
because of, in whole or in part, his protected disability.  Tobin, supra.  This
stage "requires that the plaintiff point to evidence, direct or circumstantial, of
a particularized discriminatory animus."  Higgins, F.3d at 264.  Even though we
already held that plaintiff has not plausibly alleged an ADA disability, we
address the instant prong in an abundance of caution.

    Plaintiff alleges that his requests for safety measures in a bank that had
suffered multiple horrific security incidents were routinely ignored.  (d.e. 1,
pp. 6-7).  Plaintiff also alleges that his manager made changes in his schedule
and work locations, removed his long-time client portfolios, relocated him to a
"less competitive" branch, reprimanded him for reporting the manager's

CIVIL 16-1517CCC                        8

misconduct, and constructively discharged him vis-a-vis said treatment. (d.e. 1, pp. 8-11).[5]

Employers are often unaware of employees' disabilities until they are revealed in conjunction with a request for reasonable accommodation. Accordingly, "the ADA's reasonable accommodation requirement usually does not apply unless triggered by a request from the employee," which "must be sufficiently direct and specific" such as to "giv[e] notice that she needs a special accommodation."  Reed v. LePage Bakeries, Inc., 244 F.3d 254, 261 (1st Cir. 2001).  "At the least, the request must explain how the accommodation requested is linked to some disability.  The employer has no duty to divine the need for a special accommodation where the employee merely makes a mundane request for a change at the workplace."  Id.

Even though he frequently refers to the requested security measures as "reasonable accommodations," nowhere in plaintiff's Complaint does he allege that he made First Bank aware of the ADA nature of his requests.  Instead, plaintiff frequently and specifically pleads the opposite: "Plaintiff was at all times interested in protecting his employees and clients" (d.e. 1, p. 6); and "First Bank . . . discriminated . . . and retaliated against him for demanding safer working conditions as mandated by OSHA."  (d.e. 1, p. 5).  Indeed, he goes out of his way to allege that what he "only requested from his former employer and supervisor, Mr. Angel Colon, was for them to provide safer working conditions as mandated by OSHA, and to enforce the same reasonable accommodations guaranteed to him and other employees."  (d.e. 1, p. 2) (emphasis in original).  Plaintiff's conclusory allegation that "defendants

---

[5]Though his Complaint is unclear as to whether plaintiff intended these allegations to be considered as retaliation only, or as both retaliation and discrimination, we address them here in an abundance of caution.

regarded plaintiff as a disabled person by the psychologist, limiting major life activities, and defendants knew or should have known about it," (d.e. 1, p. 12) does not create a causal link between his unknown disability and the general security measures that he requested.

The ADA's "reasonable accommodation" requirement refers to the special, disability-specific arrangements employers must provide to disabled employees upon request.  See 42 U.S.C. § 12112(b)(5)(A).[6]  Notice of the disability-related nature of the request is integral to the causation requirement when pleading adverse employment action.  Plaintiff's complaint fails to plead such notice, and thus falls well below the plausibility standard set forth in Twombly and reaffirmed in Iqbal.

Plaintiff also fails to state a plausible claim for relief for his disparate treatment and constructive discharge allegations.  Alleging (1) that he is disabled and (2) that he was treated poorly does not amount to alleging that the latter grew from the former.  Plaintiff's Complaint is devoid of any factual foundation of a causal link, aside from his own averment that his mistreatment resulted from his age, sex, and/or disability. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 556 U.S. at 678) (citing Twombly, 550 U.S. at 557).  By (1) failing to include any reference to a specific disability, and (2) failing to plead a disability-related adverse employment action, plaintiff's Complaint does not contain sufficient

_____

[6]Section 102(a) of the ADA states: "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . terms, conditions, and privileges of employment . . . ."  42 U.S.C. § 12112(a) (2000).  Discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."  42 U.S.C. § 12112(b)(5)(A) (2000).

CIVIL 16-1517CCC                    10

factual allegations to create a plausible entitlement to relief under the ADA's discrimination provision. Accordingly, First Bank's request that we dismiss said claim is GRANTED.

### B.    Puerto Rico Law 44

Law 44 bans discrimination against the disabled by any public or private institution that receives funds from the Commonwealth of Puerto Rico. Specifically, Law 44 provides that such institutions may not take any action to "discriminate against persons with some type of physical or mental disability." 1 P.R. Laws Ann. § 504.  This statute was modeled after the ADA; it was intended to harmonize Puerto Rico law with the federal statutory provisions of the ADA.    See Arce v. ARAMARK Corp., 239 F. Supp. 2d 153, 169 (D.P.R. 2003).  The elements of proof for a claim under Law 44 are thus essentially the same as for a claim under the ADA.  See Román Martínez v. Delta Maint. Serv., Inc., 229 F. Supp. 2d 79, 85 (D.P.R. 2002).  For the reasons set forth in the previous section, First Bank's request that we dismiss plaintiff's Puerto Rico Law 44 claims against it is GRANTED.

### C.    Retaliation under the ADA, ADEA, and PR Law 115

The ADA's retaliation provision provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a). Requesting a reasonable accommodation is protected conduct for purposes of the ADA's retaliation provision, as is filing an EEOC charge.  Wright v. CompUSA, Inc., 352 F.3d 472, 478 (1st Cir. 2003).  An ADA plaintiff may assert a claim for retaliation even if she fails to succeed on a disability claim.

CIVIL 16-1517CCC                    11

<u>Soileau v. Guilford of Maine, Inc.</u>, 105 F.3d 12, 16 (1st Cir. 1997).  Law 115 likewise protects employees who "provide or attempt to provide testimony or information in an administrative, judicial, or legislative forum." <u>Quevedo-Gaitan v. Sears Roebuck de Puerto Rico, Inc.</u>, 536 F. Supp. 2d 158, 171 (D.P.R. 2008).

To establish a plausible claim of retaliation, plaintiff must allege that (1) he engaged in protected conduct, (2) he suffered an adverse employment action, and (3) there was a causal connection between the protected conduct and the adverse employment action.  <u>Freadman v. Metro. Prop. & Cas. Ins. Co.</u>, 484 F.3d 91, 106 (1st Cir. 2007) (citing <u>Wright</u>, <i>supra</i>, at 478; <u>Calero-Cerezo v. U.S. Dept. Of Justice</u>, 355 F.3d 6, 25 (1st Cir. 2004)). Retaliation claims under the ADA, ADEA, and Law 115 are regularly analyzed coterminously.  <u>See</u> <u>e.g.</u> <u>Rodriguez-Fonseca v. Baxter Healthcare Corp. of Puerto Rico</u>, 899 F. Supp. 2d 141, 153 (D.P.R. 2012) (noting that "the Court assesses Plaintiff's retaliation claims under the ADEA and the ADA under the same standard."); <u>Quevedo–Gaitan</u>, 536 F. Supp. 2d at 171 (analyzing Law 115 coterminously with ADA retaliation claims); <u>Torres–Oliveras v. Special Care Pharmacy Servs.</u>, 2011 WL 2199354 at * 8 (D.P.R. Jun. 6, 2011) (denying dismissal of Law 115 claim "under the same reasoning that was applied to plaintiff's retaliation claim under the ADA.").

### 1.    Protected Conduct

In the preceding section we held that plaintiff's requests for security measures, as pleaded, do not amount to a request for a reasonable accommodation under the ADA.  Accordingly, the only "protected conduct" alleged in plaintiff's Complaint (d.e. 1) is his EEOC charge.  We have no knowledge of the contents of that charge because it is not before the Court.

CIVIL 16-1517CCC                    12

Nevertheless, First Bank does not contest that the act of filing an EEOC charge is protected conduct within the contemplation of the relevant retaliation provisions.

### 2.    Adverse Employment Action

Plaintiff alleges that his manager made changes in his schedule and work locations, removed his long-time client portfolios, relocated him to a "less competitive" branch, and reprimanded him for reporting the manager's misconduct.  (d.e. 1, pp. 8-10).  He also alleges that the aforementioned acts caused him such discomfort that he was constructively discharged.  (d.e. 1, p. 11).

### 3.    Causation

Plaintiff's Complaint (d.e. 1) repeatedly alleges retaliation in reference to his requests for security measures in compliance with OSHA.  He begins with the allegation that First Bank "retaliated against him for demanding safer working conditions as mandated by OSHA."  (d.e. 1, p. 5).  He further alleges that his requests for a man trap and an emergency exit "marked the beginning of the constant retaliatory actions and discriminatory acts taken by Mr. Colón and First Bank."  (d.e. 1, p. 6).  And if any doubt remains, he "felt persecuted, undermined, suffered anxiety attacks and retaliated [sic] for demanding safer working conditions for him and his employees which he supervised."  (d.e. 1, p. 8).  At the very end of his facts section, plaintiff includes the cryptic allegation that his March 31, 2015 EEOC charge "resulted in First Bank's retaliatory actions to increase."  (d.e. 1, pp. 10-11).

As we have already made clear, plaintiff's requests for security measures do not amount to "requesting an accommodation," and therefore any "retaliation" alleged to have resulted from them does not amount to the type of

CIVIL 16-1517CCC                    13

retaliation made unlawful by the ADA, ADEA, and Law 115.  Tacking onto the end of the Complaint the threadbare, conclusory allegation that his EEOC charge "resulted in First Bank's retaliatory actions to increase," and "[t]he retaliatory actions, failure to accommodate the plaintiff and the constant safety hazards in the workplace were the cornerstone for Plaintiff's decision to quit," without more, do not bring plaintiff's allegations into the realm of plausibility. Indeed, plaintiff's presumption that relevant retaliatory actions existed prior to his alleged EEOC charge and only "increased" thereafter belies the meaning of the word retaliation in the context of the statutes he cites.  Accordingly, First Bank's request that we dismiss plaintiff's retaliation claims under the ADA, ADEA, and Law 115 is GRANTED.

### D.    The Occupational Safety and Health Act

Plaintiff's "Second Cause of Action" clearly seeks relief under OSHA. (d.e. 1, pp. 14-15).  Nevertheless, he argues in his Opposition that such was not his intent.  (d.e. 8, p. 15).  Whichever way the wind has come to blow, the parties are now in agreement that there is no OSHA claim before the Court. First Bank's request that we dismiss any and all claims alleged under OSHA is GRANTED.

### E.    Co-defendant Angel Colón

Appearing defendant First Bank moves to dismiss all federal claims against co-defendant Colon on the grounds that no individual liability attaches. Plaintiff agrees, clarifying that his only claim against Colon is under Puerto Rico Law 44, which provides for individual liability.

CIVIL 16-1517CCC                         14

On the one hand, we doubt that First Bank may move to dismiss plaintiff's claims against another party.  On the other hand, we held, *supra*, that plaintiff's Complaint does not plausibly allege entitlement to relief under Law 44.  We need not address this further.  Co-defendant Colon has not appeared in this case, and plaintiff has not provided proof of service upon him within the ninety days mandated by Fed. R. Civ. P. 4(m).  Accordingly, plaintiff's Law 44 claim against co-defendant Angel Colon will be DISMISSED, WITHOUT PREJUDICE.

### F.    Remaining Puerto Rico Law Claims

At this point, all that remains are plaintiff's ADEA discrimination claim–which First Bank did not move to have dismissed–and his state law claims under Law 100 (age and sex discrimination), and Law 80 (wrongful discharge). Because plaintiff's federal ADEA discrimination claim remains before the Court, we will continue to exercise supplemental jurisdiction over plaintiff's claims under Law 100 and Law 80.

### G.    Opportunity to Amend the Complaint

Finally, we note that plaintiff has attempted to address the deficiencies in his Complaint by making reference to his alleged EEOC charge[7] and attaching English -and Spanish- language exhibits to his Opposition to the motion to dismiss (d.e. 8).  The Opposition brief itself also included factual averments as to the nature of his alleged disability and the reasonable accommodation requested which, if incorporated in the original complaint,

_____

[7]Plaintiff's EEOC charge is not attached to his Complaint or his Opposition, and it has not been otherwise presented to the Court.

CIVIL 16-1517CCC                    15

could have possibly met the plausibility pleading standard.  While plaintiff's arguments are inconsistent with well-established rules of local and civil procedure, and the fate of a motion to dismiss depends strictly on the allegations contained within the four corners of the complaint, we will permit plaintiff to file an amended complaint, by no later than MARCH 27, 2017, in which he will be allowed to plead the facts adduced in his opposition as support for his now dismissed substantive claims under the ADA and Puerto Rico Law 44 and for the retaliation claims under the ADA, ADEA, and PR Law 115. Plaintiff is admonished, however, that said amended complaint must separate ALL of his causes of action, including those claims that have not been dismissed, and state under each separate cause of action the <u>factual</u> allegations pertaining to it which shall support the same in full compliance with the <u>Twombly</u> and <u>Iqbal</u> plausibility standards.  The allegations number 12 through 43 are a loose narrative of events which shall not be included again in the Amended Complaint for there is no way of knowing to which of the different causes of action they pertain.  Additionally, these specific allegations and plaintiff's general form of pleading violate the clear directive of Fed. R. Civ. P. 8(d)(1) that "[e]ach allegation must be simple, concise, and direct." Failure to timely and strictly comply with this Order will result in the immediate entry of a partial judgment dismissing his substantive claims under the ADA and Puerto Rico Law 44 and his retaliation claims under the ADA, ADEA, and PR Law 115 for the reasons stated in this Order.

## IV.   CONCLUSION

For the aforementioned reasons, defendant First Bank's Motion to Dismiss (**d.e. 4**) is GRANTED.  Accordingly, if plaintiff Jorge Reyes-González

CIVIL 16-1517CCC                    16

fails to amend his complaint by the deadline established above and in strict compliance with the instructions provided, partial judgment will then be entered DISMISSING WITH PREJUDICE his claims against First Bank under (1) Titles I and V of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq.; 42 U.S.C. § 12111-12117; 12203; (2) the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (for retaliation); (3) Puerto Rico Law 44 of July 2, 1985, as amended, 1 PR Laws Ann. § 501, et seq.; and (4) Puerto Rico Law 115 of December 20, 1991, as amended, 29 L.P.R.A. § 194, et seq., as well as DISMISSING WITHOUT PREJUDICE (5) his claim against co-defendant Angel Colón under Puerto Rico Law 44 of July 2, 1985, as amended, 1 PR Laws Ann. § 501, et seq.

SO ORDERED.

At San Juan, Puerto Rico, on March 17, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge